UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| DANIELLE KURMAN, | : | CASE NO. 1:20-cv-01837 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 1; 12] |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Danielle Kurman seeks judicial review of the Social Security Commissioner's final decision denying Plaintiff's application for disability insurance benefits.[1]

In support of her request for review, Plaintiff Kurman argues that substantial evidence did not support the Administrative Law Judge's finding that Plaintiff can perform light work because the Administrative Law Judge ("ALJ") did not properly analyze Plaintiff's subjective complaints.[2] Defendant Social Security Commissioner opposes.[3]

Magistrate Judge David A. Ruiz filed a Report and Recommendation, recommending the Court affirm the Commissioner's decision.[4] Plaintiff Kurman objects.[5] The Commissioner responds.[6]

With this decision, the Court determines whether the Social Security

---

[1] Doc. 1.
[2] Doc. 12.
[3] Doc. 14.
[4] Doc. 15. *See* Local Rule 72.2(b).
[5] Doc. 17.
[6] Doc. 18.

Case No. 1:20-cv-01837
GWIN, J.

Commissioner's evaluation of Plaintiff's subjective symptoms and subsequent residual functional capacity finding was "supported by substantial evidence and made pursuant to proper legal standards."[7]

For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Ruiz's Report and Recommendation.

## I. Background

In April 2018, Plaintiff Kurman applied for disability insurance benefits.[8] She claims that her chronic pain and mental health conditions disable her from employment.[9] The Social Security Administration denied Kurman's application initially and upon reconsideration.[10]

Kurman requested a hearing before a Social Security ALJ.[11] On October 9, 2019, an ALJ conducted a hearing on Kurman's case and found her not disabled.[12] The ALJ determined that Kurman had the residual functional capacity to perform light work with some limitations and could therefore perform a number of jobs in the national economy.[13] The Appeals Council declined to further review Kurman's case.[14] The ALJ's decision is the Social Security Commissioner's final decision.

On August 18, 2020, Plaintiff Kurman filed this case seeking judicial review of the Commissioner's final decision.[15] In her merits brief, Plaintiff asserts that the ALJ's finding that Plaintiff can perform light work was not supported by substantial evidence because the ALJ

---

[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(g).
[8] Doc. 10 at 200–01. For consistency, this opinion cites to the PDF page number of the relevant document.
[9] *Id.*
[10] *Id.* at 126–36.
[11] *Id.* at 137.
[12] *Id.* at 28, 52–90.
[13] Doc. 10 at 37–46.
[14] *Id.* at 5–11.
[15] Doc. 1.

- 2 -

Case No. 1:20-cv-01837
GWIN, J.

failed to properly analyze Plaintiff's subjective symptoms.[16]  Defendant filed a responding merits brief arguing that the ALJ properly evaluated Plaintiff's subjective complaints pursuant to the regulations and substantial evidence supported the ALJ's assessment.[17]

On January 13, 2022, Magistrate Judge Ruiz issued a Report and Recommendation, recommending the Court affirm the Commissioner's final decision denying Plaintiff's application.[18]  Magistrate Judge Ruiz found that the ALJ's assessment of Plaintiff's subjective symptoms followed regulations and was supported by substantial evidence.[19]

## II.    Legal Standard

The Court reviews *de novo* the objected-to portions of a Magistrate Judge's Report and Recommendation.[20]

When reviewing an ALJ's disability determination under the Social Security Act, a district court decides whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[21]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[22]  It is more than a scintilla of evidence, but less than a preponderance.[23]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[24]  A district court may not reverse an ALJ's decision when substantial evidence

---

[16] Doc. 12 at 12–18.
[17] Doc. 14 at 5–15.
[18] Doc. 15.
[19] *Id.* at 10–21.
[20] 28 U.S.C. § 636(b)(1).
[21] *Rogers*, 486 F.3d at 241; 42 U.S.C. § 405(g); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("[A] decision . . . will not be upheld [when] the SSA fails to follow its own regulations and [when] that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").
[22] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).
[23] *Id.*
[24] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

- 3 -

Case No. 1:20-cv-01837
GWIN, J.

supports it, even if the court would have made a different decision.[25]

### III. Discussion

Kurman argues that substantial evidence does not support the ALJ's determination that Plaintiff can perform and sustain light work because he did not properly analyze Plaintiff's subjective symptoms.[26] Specifically, Plaintiff says the ALJ did not properly evaluate her symptoms pursuant to Social Security Rulings 16-3p and 03-2p.

When a claimant alleges symptoms of disabling severity, the ALJ follows a two-step process for evaluating these symptoms.[27] First, the ALJ must determine if there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's symptoms.[28] If such an impairment exists, then the ALJ must next "evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [those] symptoms limit [the claimant's] capacity for work."[29]

In evaluating a claimant's alleged symptoms, the ALJ considers factors including: 1) daily activities; 2) location, duration, frequency, and intensity of pain or symptoms; 3) precipitating and aggravating factors; 4) the type, dosage, effectiveness, and side effects of any medication; 5) treatment, other than medication, to relieve pain; 6) any measures used to relieve pain; and 7) other factors concerning functional limitations and restrictions due to pain or other symptoms.[30] However, an "ALJ need not analyze all seven factors."[31]

---

[25] See Siterlet v. Sec'y of Health & Human Servs., 823 F.2d 918, 920 (6th Cir. 1987); Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[26] Doc. 12 at 12–18.
[27] See e.g., Massey v. Comm'r of Soc. Sec., 409 F. App'x 917, 921 (6th Cir. 2011).
[28] Rogers, 486 F.3d at 247 (citing 20 C.F.R. § 416.929(a)).
[29] 20 C.F.R. § 416.929(c)(1).
[30] 20 C.F.R. § 416.929(c)(3).
[31] Hatcher v. Berryhill, Case No. 1:18-cv-1123, 2019 WL 1382288, at *15 (N.D. Ohio March 27, 2019) (internal citations omitted).

Case No. 1:20-cv-01837
GWIN, J.

An ALJ's evaluation of subjective symptoms is accorded great weight and deference.[32] The ALJ, and not the reviewing court, must make credibility determinations regarding the claimant's subjective complaints.[33] The ALJ's decision, however, must be rooted in the record and must contain "specific reasons for the weight given to the [claimant's] symptoms."[34] This Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [claimant] are reasonable and supported by substantial evidence in the record."[35]

The ALJ applied the proper legal standards in evaluating Plaintiff's statements on her symptoms and limitations. The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms.[36] However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not consistent with the medical evidence and other record evidence.[37] The ALJ discussed relevant 16-3p factors including the location, duration, frequency, and intensity of Plaintiff's symptoms, precipitating and aggravating factors, Plaintiff's daily activities, and Plaintiff's treatments.[38]

---

[32] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

[33] *Rogers*, 486 F.3d at 247 (internal citations omitted); *see also Jones*, 336 F.3d at 476 ("Upon review, we are to accord the ALJ's determinations of credibility great weight.").

[34] SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017); *see also Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994) ("If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so.").

[35] *Jones*, 336 F.3d at 476.

[36] Doc. 10 at 38.

[37] *Id.*

[38] *See id.* at 38–44 ("The claimant testified that she experiences consistent daily pain in her hand and arm. . . The claimant said that she spends most of her days watching television, and on bad days, does not get out of bed. She testified that she does no household chores . . . Cleveland clinic physical therapy, occupational therapy, and other treatment notes from the claimant's 2018 participation in the chronic pain rehabilitation program show that the claimant attended treatment sessions regularly, and was able to engage in physical activities during the sessions, but reported no changes in her functional status in the home setting. . . . She reported daily activities that included awakening at about 8 AM to let her dog out and then said she often went back to bed. She said that she walked her dog two times a day, spent time with her mother eating meals, helped with laundry and other household tasks, and went out about once a week with one of her friends for dinner. . . . At her appointment in May with Dr. Jassani, the claimant reported spending time walking her dogs, going to yoga classes, and sometimes getting facials or manicures.")

Case No. 1:20-cv-01837
GWIN, J.

Further, substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints. The ALJ noted throughout the record Plaintiff regularly displayed normal range of motion and motor strength in her extremities, intact sensation, limited muscle weakness, and normal gait.[39] The ALJ acknowledged Plaintiff's pain complaints but also discussed examinations where Plaintiff was able to fully engage in physical therapy activities and examinations where Plaintiff reported a decrease in her pain after treatment.[40] It is not this Court's place to reweigh the evidence.[41]

Substantial evidence supports the ALJ's evaluation of Plaintiff's subjective symptoms and therefore the ALJ's determination that Plaintiff could perform light work with limitations.

IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Ruiz's Report and Recommendation.

IT IS SO ORDERED.

Dated: March 14, 2022    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[39] *Id.* at 38–44.
[40] *Id.*
[41] *Colvin v. Comm'r of Soc. Sec.*, No. 5:18 CV 1249, 2019 WL 3741020, at *14 (N.D. Ohio May 8, 2019), report and recommendation adopted by 2019 WL 4743624 (N.D. Ohio Sep. 30, 2019) ("The problem with a cherry-picking argument is that it runs both ways. Plaintiff argues the ALJ only focused on the positives, whereas his brief emphasizes the negatives. Crediting Plaintiff's argument here would require the Court to re-weigh evidence – which it cannot do.").